Good morning, everyone. The first argued case this morning is Number 13-1640, Fenner Investments, Ltd. v. Cellco Partnership. Mr. Franklin. Thank you, Your Honor, and may it please the Court. My name is Jonathan Franklin. I represent the appellant, Fenner Investments. The District Court erred in construing the claim termed personal identification number in a matter that is contrary to its plain and ordinary meaning, and that would, in fact, render the patented methods inoperable. The plain and ordinary meaning of personal identification number, and I don't think this really is disputed, is a number that identifies a person. The District Court, however, imported an additional negative limitation that the personal identification number cannot be associated with the device that's calling or being called. The Court did so. So there's five words that really the parties are arguing about here, the words not associated with the device. All the rest of the Court's construction, the parties are comfortable with. That's my understanding, Your Honor, yes. You mentioned the inoperable argument. How does that actually work? Sure. You opened with that. The entire point of this patented method or these patented methods is to connect users, mobile users, with radio frequency switches and to route calls to other destination users. The facts are clear and it's obvious that a human being cannot communicate with a radio frequency tower except through a device. In order for the personal identification numbers to be used to route the calls, as the patented method requires, those numbers have to be associated with a device. A simple example, the patent speaks of locating a destination user through the personal identification number and then ringing the number. The patent specifies, you cannot ring the number of the destination user using the personal identification number unless the number is associated with the device that's being run. Don't you go bump in then into Claim 19 where the, well, there's some dispute about what code means in that claim, but where there, in Claim 19, there's no personal identification number associated with a device, correct? No. First of all, Claim 19 uses the term personal identification number. It's Claim 18 that the parties talked about, the code issue. That's not really relevant here. We actually think that Claim 19 supports us because in that claim, the inventor used essentially the same language or similar language to what the district court imposed on the broad term personal identification number. But under the doctrine of claim differentiation, if it is... But what about in Claim 19 where it says the method of Claim 18 wherein the personal identification number of the source and the destination user are independent of a particular physical communication unit? Particular physical, and that's the same language that's used in the specification that the district court relied on. The key is particular, and what that means, if you read the specification language, is it's not associated with any particular device because the number can be moved from device to device. But it has to be associated with some device in order for the... So you're saying there's not an inconsistency between your argument that under the district court's construction the invention is inoperable and Claim 19 because that's just talking in terms of one particular device. Right, and to use a personal example, I have a device in my cell phone. I have a personal identification number in my phone number. People put that into an address book. That's a means of identifying me. They're not identifying my device because my number can shift from device to device. Right now, actually, it's provided by our friends here at Verizon Wireless, but three months ago it was in a different device, or about three months ago it was in a different device provided by AT&T. So it's not associated inherently with any particular device, but in order for the methods to operate, it has to be associated with some device. So to be clear, you are saying that otherwise it's inoperable? Yeah, the methods don't work with the district court's construction, which doesn't use that word particularly, but prohibits all association with a device. You can't have somebody use the number to access a radio frequency switch unless the number is associated with the device that's actually accessing the switch. Similarly, you can't locate somebody's device, and the patent refers to locating devices, unless you have the device associated with the number that's being used to locate it. You're giving the word associate a really broad meaning, I think, and I agree it's a kind of imprecise and fuzzy term, but can't it, in the context of looking at this patent and what it's supposed to do, can't the claim construction be given a more limited meaning, which is it doesn't really mean never associated with, it just means not permanently associated with a specific device or location. Obviously, it has to be associated with it to work, and I think the better way to look at it, or the way I would look at it, is we don't want to read the district court's claim construction so broadly that it does render it inoperable. Clearly, the district court didn't think its claim construction rendered it inoperable. I don't think he would have come up with that construction. So, let me, sorry, I'm speechifying, but let me give you, here's the real question I have. If there's an interpretation of the claim construction that clearly renders the device inoperable, and the patent inoperable, and there's another interpretation that's more limited and works, aren't we bound to construe the claim in that more limited fashion? Not necessarily. I think you're bound to construe the claims according to their plain language, and here's the claim language. That's what I'm asking about, though, because associate does not seem to me to be necessarily a precise term. That's not, yeah. It could have the broad meaning that I think you're ascribing to it, or it could have a more limited meaning. I understand what you're saying, but that word, associate, is not in the claims. That's in the specification. It's not in the claims, and under the court's doctrine, you look at the plain meaning of the claim term, which is a broad claim term, and only are you going to change that if the specification has a clear and unambiguous. Let me ask it another way. If we determine that what the district court meant was that by personal identification number and that negative construction, it's just that it's not permanently associated with that, would that be an appropriate claim construction? I don't think so, but I think you still have to reverse the stipulated. The stipulated judgment was based on the court's construction. It doesn't have that extra language that you're adding in it. Well, it doesn't need it. I mean, if he meant associated on a more limited basis rather than the more broad basis, we don't really know. Well, we quoted language from the hearing where the magistrate judge said, under Verizon's interpretation, there can't be any association, and their devices, it's undisputed, the number isn't permanently associated with their device, and if the claim construction had used the word permanently associated, there wouldn't have been a stipulated judgment of non-infringement here. The stipulated judgment was based on the fact that the claim construction says no association, period, and we agreed that Verizon's devices... No association? Does it actually explicitly say there's no association? It's not associated with the device. That's not the same thing, I don't think. Not associated with the device. It's not the same thing as no association, period. Well, it says not associated with the device, and in Verizon's... Is there anything in the record that suggests that the magistrate judge was meaning this really broad interpretation of his claim construction you're asserting? Well, we did refer to the language in the hearing where the magistrate judge, and I can find that for you at some point, but it's in our brief, the magistrate judge mentioned that under Verizon's construction, there can't be any association with the device. I believe it's the language he used. I can certainly find that for you, but we're looking at the language, not associated with the device. Verizon's contention was they proffered this construction, and they proffered this construction because in their devices, they put the number into the device, it becomes associated with the device, and under their argument on appeal and argument below, there couldn't be an association, therefore there's no infringement. We stipulated it's a non-infringement so that we could clarify the claim construction. If your honors want to add additional terms, the stipulated judgment was based on this construction, and we stipulated because we agreed with Verizon. You stipulated based on your interpretation of the construction. Based on the court's interpretation. That's what I want you to show me when you get back up in the record, where your interpretation is the court's interpretation, because if you're just pointing to that limiting language, I think it's subject to two interpretations. One of them I agree with you is unreasonable and renders the invention inoperable. The other more limited interpretation seems to me to be, if not correct, pretty close to correct. I want to know which one the district court relied on. Our principle argument though, your honor, is that that limitation doesn't belong at all because the term itself personificates the number. I understand, but I think that there's potentially a way of reading that that is a correct claim construction. If I don't buy your argument that it's this really broad interpretation, then I really need to know what to do and what the district court was doing. Okay, well then I think the solution then I think would have to be to remand the judgment because we're reading the language, and we're doing this honestly. We weren't trying to make a case out of a case that didn't exist, and Verizon's position had been and still is that their devices don't infringe under this construction, and they don't infringe because when they put the number into the device, it is associated with the device. The word associated means just that. It's permanently attached to the device. Not permanently, your honor, because as I just mentioned, I have one of their devices, and tomorrow I can put that number into a different device. And if you look at the word physical location, which I wanted to get to, and I'm into my rebuttal time, I know, but the specification language also refers to no particular association with any particular physical location. It's obvious that the devices and the numbers are going to have some physical location. It just moves around. And so in this case, because the number moves around, so too it's not associated with any particular device. So is it necessary in order to accept your position to agree that the claims are not limited by the specification? Well, that's our position, but if the court wants to adopt a further limiting... No, that is your position, that the claims are not limited by the specification. Our position is that the claims are not limited by the specification. I'm just answering Judge Hughes's question when he's referring to perhaps an additional limitation that isn't expressed in the district court's construction. We're based on that construction, and if the court is going to change that, then it has to go back, I think. It should go back. So you're saying that the claim construction also is not limited by the specification? The district court clearly was, but the proper one shouldn't be, in our view. And you're saying that's incorrect as a matter of law, or incorrect based on this particular device? No, incorrect as a matter of law, because the term personal identification number is not limited in that manner. What about all of the cases of this court which say that the specification controls what the invention is? Only if it's clear, unequivocal, and unambiguous, and it doesn't say what the district court says. And if it's unclear, you ignore it? No, if it's unclear, it informs the claim construction, but it can't trump the plain language unless it's clear. Now, if the court wants to say it's clear, but in a different way than the district court rendered it, then the case should go back, and we could then look at the other issues including the infringement issues. But it's clear to us that these not associated with the device means not associated with the device. And their argument is that it is associated with the device for not infringing. Thank you, Mr. Franklin. We'll save the rest of your time. Let's hear from the other side. Mr. Eaton. Thank you, Your Honor. Your Honors, before I get started, it would be helpful if Your Honors could turn to page 2063 of the Joint Appendix and to have handy the supplemental appendix that we filed a couple of weeks ago. These documents, I think, can help us put to bed one issue that's kind of left hanging by the briefing. Your Honors, Mr. Fenner or Mr. Franklin, excuse me, today and in their briefs only, as you point out, articulate one claim construction that they purport to be advocating on appeal. It's a construction that includes no limitation. There's a lot of discussion, however, in their briefs and a little bit today, that the word particular is really important to the construction. They seem to be, if not actually arguing, at least maybe insinuating to the court that if this claim is to be limited, it should be limited but sent back with the word particular in it. Now, they haven't quite made that argument, but I think they've suggested that perhaps the court should go that way. And I just want to point out, Your Honor, two things about that. One, they've never made that argument before, ever. And two, before the district court, they affirmatively told the district court that the word particular did not matter for this construction. Well, if this is a matter of law, we'll listen to the arguments. If the arguments are not supported, please tell us. Sure, Your Honor. I just want to point... But the idea that one argument or another arises on appeal after there's an adverse decision, I think we're not looking at this case word for word. We try to figure out the correct claim construction as a matter of law. Sure, Your Honor, and I understand that. Let me simply point... Can you tell me what your view of that negative limitation means? Does it really mean that the personal identification number can never be associated with a device in any way? No, Your Honor, it does not mean that. The language doesn't mean that on its face. No one thought it meant that below, including Mr. Fenner. If you look actually to the supplemental appendix at page... So what does it mean? I think, Your Honor, and we'll get to this, I think it means something like independent of. I think it not associated with the device means independent of the device. There's a great deal of... So it's not tied to a particular device. That's exactly what it means. It's portable. Exactly. I can use it in my device. I can also use it in that device. And I can go around the corner and use it in a different device. I can use it in devices. It's independent of those devices. And that's what Mr. Fenner thought it meant below before he lost. Although when you're punching it in, it is... There's a connection to that particular... You are using the device. There is no question that you have to be able to put your pin into the device to use this invention. We don't dispute that. The way this argument's emerging, we're not so much talking about construing a claim but construing the district court's construction. Your Honor, that is what... What does this word associated mean? That is what Mr. Franklin is encouraging you to try to do, to suggest that there's actually a dispute about what this claim construction means. Well, I think he has a pretty good argument on that. I mean, the word associated is very fuzzy. He doesn't, Your Honor. Let me ask you this because I do think that there are two interpretations of that. And one is the really broad one that seems to me to be to render the device inoperable, which seems to me an unreasonable interpretation. And the more reasonable one seems to be what you suggested, that the pin is independent of, not tied to, or something like that. That seems to be the more reasonable one. But he's saying that they relied on the broader one in stipulating no infringement. If that's right, do we vacate? We don't, Your Honor, for a number of reasons. One, if that's actually what they thought the district court's claim construction meant, they should have clarified the stipulation to state that because that's not what we ever thought it meant. There's nothing to suggest that that's what the district court thought it meant. And there's nothing to suggest that Fenner thought it meant that either. Is there anything in the record to suggest what the district court thought it meant? There is only the fact, Your Honor, that they didn't come up with this notion that it had this broad, radical meaning until after they lost. Legally, what do we do when we find a claim construction open to differing interpretations? Let me suggest that I think it's unreasonable to interpret that probably, but let's just assume hypothetically that that's a reasonable construction or interpretation. I'm going to stop using the word construction. There are two reasonable interpretations of the claim construction. What do we do with that? Which one do we rely on in looking at and reviewing this judgment? If they were both reasonable, Your Honor, then I think it would have been – I mean, the practical answer is that it's incumbent upon the parties to make sure everyone understands what the claim construction is. And certainly, if you're going to stipulate to judgment of non-infringement to make sure that what you're stipulating on is what you think it is. And this was never suggested by them below. So the district court was in a bit of a trick box on this issue, Your Honor, because no one ever suggested to it that it had this broad, radical meaning. And in fact, I mean, I'll just point this out. In Fenner's opposition to summary judgment below, here's what he said he thought it meant. This is sub 8 of supplemental appendix, page 5 of their underlying brief. He said – he's talking about Claim 19, which brings us to claim differentiation, which I'm happy to talk about in a minute. What he says here is that Claim 19, which has a personal identification number that is independent of a particular physical communications unit – that's the language from Claim 19 – imposes essentially the same limitation on the personal identification number that Verizon's proposed limitation, not associated with the device, would, if adopted by the court, impose on Claim 1. He thought it meant independent of the device, which is what everybody thought it meant. That was before the claim construction on which you stipulated non-infringement for purposes of repeal. Isn't that right? That's correct, Your Honor, but no one suggested before we got the claim construction that the claim construction might mean what he now says it means. He thought it meant independent of. We thought it meant independent of. That's why there's no discussion of it. It was not disputed what it meant at that time. In other words, what the word in the construction meant. Right. There was no dispute about that, Your Honor. They never suggested this argument until after they got this claim construction. Never. Is it still before us as a matter of law to get right? Of course. Is that right? Yes. And, Your Honor, what I'm suggesting to you is that, okay, the claim construction that the district court rendered in which the pin is not associated with the device is correct for a variety of affirmative reasons, which I'm happy to discuss. That's only the case, though, if we interpret that as not meeting the broad interpretation. Yes, I think that's right. I think if you agree that if we read that a non-association associated with language to mean no association period ever, that would be an incorrect claim construction. Yes, Your Honor, it would. I think, in fact, if association meant what he says it means, I think we would have a problem. But, again, there's no reason to believe it means that. It leads to absurdity, and no one ever suggested that it might mean that. It's a made-up argument for appeal. Now, Your Honor, you, I think, were directing me toward discussing the affirmative case for the district court's construction. I can address that if you wish. Well, yes, I think it would be helpful. The district court's construction, as I think is undisputed, is drawn substantially from column two of the patent, in which the inventor sets forth quite expressly what a personalized application number in his invention is. So, the 706 patent, the language that we're primarily talking about here is in column two, starting at about page 30, or excuse me, line 30. Do you have an appendix set for us? Oh, you know, I'm using the addendum to their brief, addendum 23. Column two, around line 35, right? Yes, well, this particular sentence is around line 35, yes. The paragraph starts at 30. So, the sentence is this, I'll just read it. The personal identification numbers, too, are not associated with any particular communications unit or physical location, but are associated with individual users. It's a declarative, unequivocal statement by the inventor, purporting to describe the present invention that tells us exactly what a personal identification number in his invention is. It's unequivocal, it's clear, it's precise, and it's completely consistent with everything that has come before it in the specification. Mr. Franklin tells us that the claims are not restricted by specific terms or sentences in the specification. Your Honor, they are to the extent that the inventor said they should be. If the inventor, to the extent the inventor describes his invention in a particular way, he's bound by that. He's not permitted to claim something broader than what he says his invention is. And that's the construction they're seeking would do that, and that's why it's not appropriate. To return to my point, column one gives us the background of what this invention is about. It first distinguishes conventional phone systems in which it says, Billing and system management procedures are associated with the telephones present in a household or business. My home phone, at least in those days, was associated with... bills went to my phone, right? Only one phone could be associated with that. Then it contrasts that to something called PCS systems, and it tells us that the principal attribute of a PCS system is that it is a method for identifying telephone service independent of a telephone unit. And it goes on to say that instead of tying billing and service to the phone, it ties it to a personal identification number, which is not associated with the phone. That's what it tells us a PCS system is. It's really the only thing it tells us about PCS systems. And Fenner's invention is expressly said to be in the context of a PCS system. It would be very strange if his personal identification number in his invention meant something completely different than it meant in every other PCS system as he's described it to us. So, Your Honors, I don't see any basis in the specification for concluding that this language somehow is meaningless, right? If you want to interpret personal identification number the way Mr. Fenner would have it, with no limitation at all, you would have to just ignore the first paragraph of the description of the invention. You would have to say this has absolutely no effect on what the inventor intended a personal identification number to be. And I think, Your Honors, that is not a plausible argument. Your Honors, if you have no further questions for me, I'll... Any more questions? Your Honor, could I make one additional point? I apologize. Yes, you have time. The one thing I neglected to mention before in the discussion of what this construction meant, in the same brief where they say that they think this construction means independent of, they do something else which is very telling. They tell the district judge, actually the magistrate, that they could still prove infringement if they got this construction. Now, as Mr. Franklin said, it's undisputed. In Verizon's system, the pin and the device go like this. They travel together. The pin's programmed into the phone. If, in fact, they believed that this construction meant that a pin and a device could never interact in any way, they could not plausibly have said that they could still prove infringement and the district court would have had to grant summary judgment to us because it is absolutely impossible to prove that this infringes if the construction means this. But the district court didn't do that. The district court agreed with Mr. Fenner and said, no, no, no, you could still prove infringement. It would be hard, and that's why they stipulated the non-infringement, but you could still prove it. The district court knew what its claim construction meant. If it meant what Mr. Fenner now claims to think it means, it could not have denied summary judgment. And I'll close with that, Your Honor. Is this patent still operative or is it expired? It is expired, Your Honor. Okay. Thank you, Mr. Eaton. Mr. Franklin, you had been urging that remand was appropriate, even if we didn't agree with any of your positions. Would you elaborate on that in view of what was served? Not if you didn't agree with any of our positions. I think that Mr. Eaton just explained what the issue is here. He is arguing, and they have always argued, that under this construction, there is no infringement because they programmed the number into the device. And just because it's in the device, there's an association with it. And that's the nub of the issue. They argue that on page three of their brief to this court, where they say that Verizon, that Fenner is trying to expand the patent to cover, not in his claims to cover systems like Verizon, in which it is undisputed that a user's PIN is fixedly associated with a device. That's the problem with the construction. That's their argument. They argue that under the district court's construction, it precludes infringement if a number happens to be programmed into a device. I'm picking up on the college where you had with Judge Hughes earlier. It really does seem that this is a case about construing the construction. I think the parties agree that the construction precludes infringement. But again, in line with your discussion with Judge Hughes, we really have to determine what is meant by the word associated in the construction. I think the court has to, it's a de novo review, so the court has to consider what the claim means. But what about what the construction by the district court means? I think that's helpful to the court. It's not necessary, but it's helpful to the court, because the court is doing this on de novo review. So the court has to look at the claims, the language, the specification, and come up with the right claim construction. If, in fact, it means that it allows a non-permanent association with a device, then there is infringement under that part of the claim. Because Verizon, as I've said, it's undisputed that you can take your number out of Verizon's phone. But see, the problem is you didn't let that issue go to a jury. We will. Well, you may have lost your chance. If we think the claim construction, the proper claim construction, it seems like you all agree on the proper claim construction now, is that it's not associated with any particular device. Let me just stop there. I don't agree with that, because we would limit it to the plain language of the term personal identification number. Okay, well, let me back up. Suppose I think the proper claim construction is it's not associated with any particular device. And that's what I read this as saying, then you're out, right? I don't think so, Your Honor. First of all, that's not what it says. It says not associated with a device. Well, we can quibble about that. I think that comes down to how we interpret the word associate. I would also – In the context of all of this. Yeah, I mean, just so I point out to what we said in our brief, on page 1981 of the appendix, this was a hearing, albeit, but the magistrate judge did note, towards the end of that page, that is it fair – they're talking about Verizon's construction. Is it fair in a claim one to put this total disassociation with the device in there? That was the magistrate judge's words, talking about a total disassociation with the device. That's what the claim construction says. That's what we relied on. That's what Verizon argued precluded infringement. I think that they can't come into this court now and say, oh, hey, wait, under the district court's construction, there's no infringement. That was their entire argument below, and I could quote you additional parts of the record where they said that. On page – this is document 76 of the record, on their reply in support of their motion for summary judgment, with number portability, we're talking about the portability of numbers, the number is still associated with a device, not a person, even when moved to a different device. It merely allows the subscriber to specify a number for a particular device. The number remains tethered to the device, not the person. That's what their understanding is of the claim construction. This was in their reply on summary judgment. That's the problem with the construction, and if the court wants to clarify the construction so that it doesn't mean what Verizon says it means and it doesn't mean what the language of the construction says, then the court is free to do that on de novo review. But the case has to be remanded so that we can adequately prove the infringement, which I'm not sure because he's not saying that their product doesn't infringe, or infringes under the claim construction. He's saying if it's like this, if it's programmed against the device, their understanding of the terms of the claim construction is that – He stipulated that there was no infringement of the claim construction. And they agreed to that stipulation because, under his view, what he just – Why did you do that? I mean, under what I think is proper claim construction, that could still potentially infringe. The jury might find that putting the number in doesn't permanently tie it to the device, so it's not associated with it permanently the way a proper claim construction is. If the claim construction says not permanently associated, we'd have a different case. What it says is not associated. We weren't going to take to a jury not associated with the device. Your argument was – Both of you have a problem because both of you are missing words one way or another. You would rather have it said not permanently associated or something like that. Somebody would rather have it said not associated with a particular device. And we have to decide, does associated actually just mean those things? Can I ask you – Sorry, I know you're out of – No, that's fine. Over your time. You pointed me to this page 1981 in the district court's discussion, but you didn't include your answer to him about his question in the appendix. I think that's you. We were talking about it. Yes, okay. Do you know what you said at that point? That's not fair. It wasn't me, Your Honor. I did look at that. I have read that. I can't tell you exactly what it is. Let me just suggest one other thing that might help in where you're looking at this. The court has on occasion, in cases involving these stipulated judgments, remanded the record for a more clear understanding of how the claim construction reads on the devices. The court has done that in the past. I can't cite the exact cases, but I've read them. Some of them are recent. That is an option if the court wants to do that. The court has remanded the record so that we can clarify how the construction reads on the devices. Let me understand that we have that option. I'm not arguing that we should, but I'm just suggesting as one possibility. I think that the way to go here, Your Honors, is to clear up whatever confusion may exist, adopt a clear claim construction, however the court views that claim construction is correct, and then remand for proceedings under the proper claim construction. It's not proper as it stands now, and it's not the right claim construction. For the specification to override the claim language, it has to be clear. What we're talking about here is it's not clear, and so it has to be clear, and claim construction needs to be clear. We understand what our choices are. Thank you. I appreciate the compaction that there is.